**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAURICE BOSTON,** | : | |
| | : | |
| | : | |
| Plaintiff | : | **CIV. ACTION NO.** |
| | : | |
| v. | : | |
| | : | **COMPLAINT** |
| **GRAPHIC PACKAGING** | : | |
| **INTERNATIONAL, LLC,** | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |
| | : | |

## COMPLAINT

Plaintiff, Maurice Boston, by and through his undersigned counsel, The Lacy Employment Law Firm LLC, hereby files this Complaint against Defendant and states as follows:

### PROCEDURAL AND ADMINISTRATIVE REMEDIES

1.      All the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if set forth herein at length.

2.      Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

3.      On or about October 28, 2021, Plaintiff dual-filed a charge with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania

Human Relations Commission alleging race/color discrimination and retaliation.[1] *See* EEOC Charge of Discrimination, attached as Exhibit 1.

4.     The EEOC issued a Right to Sue letter ("Right to Sue") and Plaintiff timely filed the above-captioned action on or before 90 days from receipt of the Right to Sue that the EEOC issued.  *See* Exhibit 2.

5.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6.     Plaintiff Maurice Boston is a black man who was previously employed with Graphic Packaging International, LLC. He resides at 19 Sandalwood Drive Newark, DE 19713.

7.     Defendant Graphic Packaging International, LLC, upon information and belief, is located at 1035 Longford Rd, Phoenixville, PA 19460.

## FACTUAL BACKGROUND

8.     GPI hired Maurice Boston in June 2017 as a Machine Operator. Mr. Boston's job duties included operation and general maintenance of paper-cutting machines.

9.     Mr. Boston was an exemplary employee. Indeed, for at least a year of Mr. Boston's employment, he was the highest producer in his department.

10.    Almost immediately after Mr. Boston's hiring, GPI employees began to discriminate against him. Mr. Boston's white coworkers would report him for minor errors, and his supervisors scrutinized everything he did, including using the bathroom, while being

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced for notice purposes. Plaintiff is required to wait one full year from the time of filing the dual-filed charge to bring claims under the PHRA and PFPO. Plaintiff must however file his  lawsuit in advance of the same because of the date of issuance of  his federal right-to-sue letter.

forgiving to Mr. Boston's white co-workers. Many times, employees' conversations with and/or about Mr. Boston included racial slurs.

11. The discriminatory treatment escalated in December 2018, when Mr. Boston's manager Gary Moore began to sabotage Mr. Boston's performance.

12. Mr. Moore complained of Mr. Boston's decreased production numbers, but two months prior Mr. Moore moved Mr. Boston off of GPI's newest and fastest machines and onto the older and slower machines.

13. Then, in February 2019, Mr. Moore signed off on a job despite Mr. Boston having told him that the materials were the wrong size. Mr. Moore later tried to get Mr. Boston written up for running the job with the wrong-sized materials.

14. In August 2019, Mr. Moore cursed at Mr. Boston for his supposedly slower production speed.

15. The hostile work environment at GPI continued to escalate in April 2020 when one of Mr. Boston's co-workers, William Dennis, referred to him using the n-word. This caused another black co-worker to quit that day.

16. At first, GPI's Human Resources department only planned to suspend Mr. Dennis for two days. GPI only terminated Mr. Dennis once Mr. Boston made a renewed appeal and GPI's corporate office became involved.

17. Following GPI's termination of Mr. Dennis, Mr. Moore and the GPI managers retaliated against Mr. Boston by further escalating their discriminatory and hostile conduct.

18. For example, Mr. Moore and other supervisors stopped allowing Mr. Boston to drive the forklift, despite Mr. Boston having been hired, trained, and certified for that job duty.

19.     Additionally, Mr. Boston's seniority should have put him next in line for the day shift after Mr. Dennis's termination. Yet, Mr. Moore and other managers refused to allow Mr. Boston's numerous requests to work the day shift.

20.     Further, in December 2020 managers refused to give Mr. Boston days off to attend his grandmother's funeral. At this point, Mr. Boston threatened legal action if the managers persisted in targeting him.

21.     On May 12, 2021, Mr. Boston was told by Human Resources that Graphic Packaging Management had instructed them to tar get his use of the Visitors parking spaces, despite other employees routinely parking their cars in the same spaces.

22.     Despite GPI creating manager's attempts to force Mr. Boston out of GPI by creating and hostile and discriminatory work environment, Mr. Boston kept his head down and continued to work.

23.     Eventually, while Mr. Boston was on bereavement leave in early June, 2021, GPI terminated Mr. Boston. GPI's ostensible reason was poor attendance, but that is merely an attempt to mask its racially discriminatory motive.

### COUNT I
### Violations of 42 USC § 1981
### *Race Discrimination, Hostile Work Environment, and Retaliation*

24.     Plaintiff hereby incorporates all allegations contained in the above-mentioned paragraphs as fully as if they were set forth at length.

25.     Defendant's discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under 42 U.S.C. § 1981; as such, its remedies are implicated.

26.     Plaintiff had the right to make and enforce contracts, to sue, and to receive the full and equal benefit of all laws.

27.     Plaintiff was an at-will employee, which implicates his right to make and enforce contracts.

28.     Defendant abridged Plaintiff's right to make and enforce contracts by its discriminatory conduct toward Plaintiff.

29.     As a result of Defendant's actions, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of his employment contract with Defendant.

30.     Defendant, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race.

31.     Plaintiff was a member of a protected class and was qualified for the position that Plaintiff held.

32.     Defendant's actions altered Plaintiff's work environment.

33.     The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasonable person in like circumstances.

34.     This severe and pervasive environment continued throughout Plaintiff's employment.

35.     Defendant is liable for their supervisors under respondeat superior.

36.     Plaintiff participated in protected conduct.  Defendant retaliated against Plaintiff because of his participation in protected activities.  There is a causal connection between Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

37.     As a direct and proximate result of Defendant's acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

38.    The wrongful acts and conduct of Defendant was done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

39.    Plaintiff suffered adverse employment consequences, specifically, Defendant retaliated against Plaintiff.

40.    Plaintiff was terminated as a result of Defendant's discriminatory conduct.

41.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

## <u>COUNT II</u>
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq
### *Race Discrimination; Retaliation; Hostile Work Environment*

42.    Plaintiff hereby incorporates all allegations contained in the above-mentioned paragraphs as fully as if they were set forth at length.

43.    Defendant's discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under Title VII.

44.    Defendant is a covered employer under Title VII and employees more than 15 employees.

45.    As a result of Defendant's actions, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of Plaintiff's employment with Defendant.

46.    Defendant, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race.

47.    Plaintiff was a member of a protected class and was qualified for the position that Plaintiff held.

48.    Defendant's actions altered Plaintiff's work environment.

49.    The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasonable person in like circumstances.

50.    This severe and pervasive environment continued throughout Plaintiff's employment.

51.    Defendant is liable for their supervisors under respondeat superior.

52.    Plaintiff participated in protected conduct.  Defendant retaliated against Plaintiff because of his participation in protected activities.  There is a causal connection between Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

53.    As a direct and proximate result of Defendant's acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

54.    The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

55.    Plaintiff suffered adverse employment consequences, specifically, Defendant retaliated against Plaintiff.

56.    Plaintiff was terminated as a result of Defendant's discriminatory conduct.

57.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a) Declaring the acts and practices complained of herein to be in violation of Section 1983;

b) Enjoining and permanently retraining the violations alleged herein;

c) Entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

d) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

e) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

f) Awarding punitive damages to Plaintiff;

g) Awarding Plaintiff such other damages as are appropriate under Section 1981, Title VII the PHRA, and the PFPO;

h) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees;

i) A jury trial is demanded on all triable issues in this case; and,

j)   Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Dated: August 30, 2022

*/s/ Andrew Lacy, Jr.*
Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT LAW FIRM LLC**
2514 W Seybert Street
Philadelphia, PA
(t) 412-301-3908
andrew.lacy@employment-labor-law.com

*Counsel for Plaintiff*